## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DAJUAN LAMARR WREN,

      Petitioner,
                           Civil Case No. 14-12342
                           Criminal Case No. 10-20137
v.                                     Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

      Respondent.

_____/

### OPINION AND ORDER DENYING PETITIONER'S
### MOTION UNDER 28 U.S.C. § 2255 TO VACATE HIS SENTENCE

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____January 30, 2017_____

PRESENT:    Honorable Gerald E. Rosen
                    United States District Judge

## I. INTRODUCTION

By judgment entered on November 21, 2011, Petitioner DaJuan Lamarr

Wren was sentenced to 216-month and 120-month terms of imprisonment, to be

served concurrently, following his conviction by a jury on charges of conspiracy

to possess with intent to distribute 750 grams or more of heroin and being a felon

in possession of a firearm and ammunition.  Petitioner's convictions and sentence

were affirmed on appeal.  *See United States v. Wren,* No. 11-2491, 528 F. App'x

500 (6th Cir. June 11, 2013).[1]

Through the present *pro se* motion brought under 28 U.S.C. § 2255,
Petitioner challenges his conviction as allegedly contrary to the evidence,
contending that the record establishes his actual innocence of the two offenses of
which the jury found him guilty. Petitioner also has filed a number of subsequent
*pro se* motions in which he evidently seeks leave to assert additional challenges to
his conviction. As discussed below, the Court finds that the claims asserted in
Petitioner's initial motion already were decided against him on his direct appeal of
his conviction, and that the additional claims he wishes to pursue were not timely
filed.

## II.  ANALYSIS

### A.   Petitioner's Claims That He Is "Actually Innocent" of the Two Offenses of Conviction Are Merely Restated Versions of the Sufficiency Challenges He Pursued on Direct Appeal.

In his present § 2255 motion, Petitioner contends that the record
conclusively establishes his innocence of the two offenses of which the jury
convicted him at trial. In particular, he asserts (i) that his drug conspiracy
conviction is logically and factually inconsistent with the guilty plea of co-

---

[1]More recently, Petitioner's sentence for his drug conspiracy offense was reduced
to an 188-month term of imprisonment through a January 27, 2016 order granting his
motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

Defendant Michael Cathey, and (ii) that an affidavit submitted by Petitioner's girlfriend, Crystal Fawn Ogen, proves that he did not possess the firearm giving rise to his felon-in-possession conviction.[2]

As the Government correctly observes, Petitioner's claims of "actual innocence" are merely repackaged challenges to the sufficiency of the evidence supporting his drug conspiracy and felon-in-possession convictions. Regarding his drug conspiracy conviction, Petitioner evidently maintains that because co-Defendant Cathey declined to admit in connection with his guilty plea that his drug conspiracy offense involved heroin, and instead agreed that the Court would resolve this issue at his sentencing hearing,[3] the absence of a jury finding or admission by ***Defendant Cathey*** as to his involvement in a heroin conspiracy somehow precluded a determination by the jury at Petitioner's trial that ***Petitioner's*** drug conspiracy offense involved heroin. Notwithstanding the

---

[2]The Government has moved to strike Ms. Ogen's affidavit, on the ground that it is a disguised petition seeking to challenge the forfeiture of a Glock 9mm firearm that formed part of the basis for Petitioner's felon-in-possession conviction. If Ms. Ogen's affidavit is construed as challenging the forfeiture of this weapon, the Government argues that her filing was untimely and that Ms. Ogen lacks standing to contest the forfeiture of this firearm. In a response to the Government's motion to strike, however, Ms. Ogen insists that her affidavit was not meant as a petition seeking return of the firearm. The Court accepts this representation, and thus denies the Government's motion as moot.

[3]The Court ultimately determined at Defendant Cathey's January 10, 2012 sentencing hearing that his drug conspiracy offense did involve heroin.

3

dubious logic of this argument, Defendant expressly argued on direct appeal that the evidence presented at his trial was insufficient to sustain his conviction of conspiracy to possess with intent to distribute heroin, and the Sixth Circuit rejected this sufficiency challenge. *See Wren,* 528 F. App'x at 507. Regardless of the strength of the case against any co-defendant or the means through which the charges against this co-defendant were proven, the Sixth Circuit squarely held that sufficient evidence was presented to the jury at Petitioner's trial to sustain his drug conspiracy conviction.

Likewise, while Petitioner also appears to argue that he is actually innocent of the felon-in-possession offense of which the jury convicted him at trial, this claim of "actual innocence" again rests on the premise that evidence in the record disproves his guilt of this charge. In particular, Petitioner points to Ms. Ogen's November 16, 2011 affidavit in which she claims ownership of a Glock 9mm firearm that formed part of the basis for Petitioner's felon-in-possession conviction.[4] Once again, however, Petitioner expressly argued on direct appeal that the evidence at trial was insufficient to sustain his felon-in-possession conviction, and the Sixth Circuit rejected this sufficiency challenge. *See Wren,* 528 F. App'x at 506-07.

---

[4]The jury found Petitioner guilty of possessing both this firearm and ammunition.

4

As the Government correctly observes, because Petitioner raised these two sufficiency challenges on direct appeal and the Sixth Circuit considered and rejected them, he cannot relitigate these matters in his present § 2255 motion. *See DuPont v. United States,* 76 F.3d 108, 110-11 (1996). In *DuPont,* 76 F.3d at 111, the court found that "the claim asserted in [the defendant's] habeas corpus petition is substantively identical to one of the issues that [the defendant] presented in his direct appeal following his conviction," and that the district court in that case therefore properly denied the defendant's § 2255 petition. For precisely the same reason, Petitioner here is not entitled to relief under § 2255 on grounds that are "substantively identical" to the sufficiency challenges he pursued on direct appeal.

To be sure, *DuPont* allows for the possibility of "highly exceptional circumstances" that might warrant consideration of a § 2255 claim that was already pursued on direct appeal. *DuPont,* 76 F.3d at 110 (internal quotation marks and citations omitted). The court in *DuPont* identified an "intervening change in the law" as a possible example of a highly unusual circumstance, 76 F.3d at 110 (internal quotation marks and citation omitted), but Petitioner has not pointed to any intervening change in the law as allowing him to relitigate the sufficiency claims he raised on direct appeal. Instead, he seemingly suggests that he should be permitted to relitigate these claims in light of two pieces of "newly

5

discovered" evidence: (i) an "affidavit of truth" allegedly executed by co-Defendant Cathey on April 26, 2011 and filed on the docket in this case on May 3, 2011, and (ii) Ms. Ogen's November 16, 2011 affidavit, which was filed on the Court's docket that same day.

Even assuming that newly discovered evidence would give rise to the "highly exceptional circumstances" that warrant relitigation in a § 2255 proceeding of an issue raised on direct appeal, the Government correctly points out that neither of the above-cited affidavits qualifies as "newly discovered evidence." In the analogous context of a post-conviction motion for a new trial, the Sixth Circuit has held that evidence qualifies as "newly discovered" if "(1) the evidence was discovered after the trial, (2) it could not have been discovered earlier with due diligence, (3) it is material and not merely cumulative or impeaching, and (4) it would likely produce an acquittal if the case was retried." *United States v. Turns,* 198 F.3d 584, 586-87 (6th Cir. 2000).

Regarding Ms. Ogen's affidavit, Ms. Ogen was called as a witness at Petitioner's trial and, as the Sixth Circuit observed, she gave testimony indicating that she rather than Petitioner "owned the ammunition and firearm" giving rise to Petitioner's felon-in-possession conviction. *Wren,* 528 F. App'x at 506-07. Because Ms. Ogen's affidavit is to the same effect, it is not evidence "discovered

after the trial," and it also is "merely cumulative" of evidence introduced at Petitioner's trial. As for Defendant Cathey's affidavit, the Government observes that Petitioner could have called this co-defendant as a witness at his trial but elected not to do so. Consequently, the contents of Cathey's affidavit could have been discovered earlier with due diligence.

Finally, the Government points out that both of the two affidavits cited by Petitioner as "newly discovered" evidence were filed on the Court's docket prior to Petitioner's November 17, 2011 sentencing hearing. It follows that Petitioner could have moved to supplement the record so that these materials were available to support his direct appeal, and that these materials thus cannot be deemed "newly discovered" for purposes of any proceeding (including the present one) that followed this direct appeal. Because Petitioner could have used these materials to support the sufficiency challenges raised in his direct appeal, he cannot identify any exceptional circumstances that would permit him to relitigate these challenges in a § 2255 proceeding.

**B.    The Additional Claims That Petitioner Seeks To Pursue in This § 2255 Proceeding Are Time-Barred.**

Since the filing of his initial § 2255 motion, Petitioner has filed several more *pro se* motions in which he evidently seeks to pursue one or more additional

7

challenges to his conviction and sentence.  As provided in § 2255 itself, however,

"[a] 1-year period of limitation shall apply to a motion under this section," 28

U.S.C. § 2255(f), and Petitioner's various motions to amend were filed outside this

one-year period of limitation.  Accordingly, he may pursue the matters raised in

these motions only if they are deemed to "relate back" to claims asserted in his

original, timely filed § 2255 motion.  *See Mayle v. Felix,* 545 U.S. 644, 650, 664,

125 S. Ct. 2562, 2566, 2574-75 (2005).  The Supreme Court has held that claims

asserted in an amended habeas petition relate back to the claims asserted in an

initial petition if these claims "are tied to a common core of operative facts."

*Mayle,* 545 U.S. at 664, 125 S. Ct. at 2574.  A claim does not relate back,

however, if it "asserts a new ground for relief supported by facts that differ in both

time and type from those the original pleading set forth."  554 U.S. at 650, 125 S.

Ct. at 2566.

In three of his four submissions subsequent to his initial § 2255 motion,

Petitioner seemingly means to challenge his judgment of conviction on the ground

that it impermissibly varies from either the indictment or the sentence orally

announced by the Court at Petitioner's November 17, 2011 sentencing hearing.

Because this challenge rests upon a new ground for relief that is entirely separate

and independent from the sufficiency challenges advanced in Petitioner's initial §

8

2255 motion, and because this claim of an impermissible variance likewise is supported by facts that differ in time and type from the facts set forth by Petitioner in support of his initial claims of "actual innocence," Petitioner's claim of an impermissible variance is time-barred.

Finally, Petitioner seeks to challenge a warrant obtained by the Government to search his residence at 137 Allenhurst in Royal Oak, Michigan, and he apparently wishes as well to charge his trial and appellate attorneys with ineffective assistance of counsel due to their alleged failure to pursue this matter. Again, these are entirely new and independent claims for relief that were not asserted in Petitioner's initial § 2255 motion, and these new claims share no common core of operative facts with Petitioner's initial § 2255 claims. Moreover, Petitioner challenged this search warrant on direct appeal, *see Wren,* 528 F. App'x at 503-04, and he cannot relitigate this matter in the present § 2255 proceeding. Finally, to the extent that Petitioner suggests that these claims rest on "newly discovered evidence," the mere fact that Petitioner only recently ***obtained*** this evidence does not demonstrate that the evidence could not have been ***discovered*** much earlier through the exercise of due diligence. To the contrary, he states that he secured this evidence through communications with the Court, (*see* 11/23/2015 Motion to Amend at 1), and nothing in the record indicates that he could not have

9

sought and obtained this evidence far earlier through similar contact with the Court.  Accordingly, the Court denies Petitioner's various motions to amend as seeking to pursue claims that are either time-barred or were already litigated on direct appeal.[5]

### III.  CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (docket #389) is DENIED.  IT IS FURTHER ORDERED that Petitioner's various motions to amend his initial § 2255 motion or for an evidentiary hearing relating to these proposed amendments (docket #s 404, 405, 412, and 420) are DENIED.  IT IS FURTHER ORDERED that Petitioner's motion for summary judgment or show cause order (docket #406) is DENIED AS MOOT in light of the rulings in the present opinion, and that Petitioner's motion for release of bonds (docket #419) is DENIED as lacking any basis in fact or law.  IT IS FURTHER ORDERED that the Government's motion to strike petition (docket #382) is DENIED AS MOOT, for the reasons explained earlier in this opinion.

---

[5]In addition, to the extent that Petitioner seeks an evidentiary hearing as to the additional claims he wishes to pursue, any such hearing would be unwarranted in light of the Court's disposition of these claims.

10

Finally, IT IS FURTHER ORDERED that, in the event that Petitioner might seek to appeal any of the Court's rulings in the present opinion and order, a certificate of appealability should be DENIED as to each claim asserted in Petitioner's initial § 2255 motion and as to the Court's determination that Petitioner cannot go forward with the additional claims he has sought to pursue since this initial motion was filed, where (i) Petitioner has failed to make a substantial showing of the denial of a constitutional right, and (ii) the Court's determination as to the unavailability of § 2255 relief is not reasonably open to debate under the facts presented here.

s/Gerald E. Rosen
United States District Judge

Dated:  January 30, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 30, 2017, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

11