UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAJUAN LAMARR WREN, D-2,

    Defendant.

Case No. 10-20137
Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

---

**OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS [471] AND ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION [470] TO DENY DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT [446]**

---

In 2011, a jury convicted Dajuan Lamarr Wren of conspiracy to possess with intent to distribute heroin, 21 U.S.C. §§ 841, 846, and being a felon in possession of a firearm, 18 U.S.C. § 922(g). (R. 178.) He received concurrent 216- and 120-month sentences. (R. 323, PageID.3403.) The Sixth Circuit affirmed Wren's convictions, *see United States v. Wren*, 528 F. App'x 500 (6th Cir. 2013), and in 2017, former Chief Judge Gerald Rosen denied Wren's motion to vacate. (R. 442).

After the denial of his motion to vacate, Wren filed a motion to alter or amend the judgment. (R. 446.) That motion is governed by Federal Rule of Civil Procedure 59(e), *Gencorp., Inc. v. Am. Int'l Underwriters*, 178 F. 3d 804, 834 (6th Cir. 1999), which means this Court can grant relief only on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice, *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *Gencorp., Inc.*, 178 F.3d at 834). In his motion, Wren says he has newly discovered evidence of a forged plea agreement between the government and one of his

codefendants. (*Id.* at 5362.) He also points out what he says are clear errors of law in the denial of his motion to vacate, and says he has new evidence of the judge, United States Attorney, and his codefendant's lawyer conspiring to convict him. (*Id.* at 5362–63.)

The Court referred the motion to Executive Magistrate Judge R. Steven Whalen, who recommends denying it. (R. 470, PageID.5641.) Wren timely filed objections (R. 471, PageID.5659), eleven in total, and the government responded (R. 476). Having performed a fresh review of those portions of the magistrate judge's Report and Recommendation to which Wren has objected, 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Court adopts the magistrate judge's recommendation.

Wren's first objection raises a clear error argument included in his motion yet unaddressed in the report. Wren points to count one of his indictment, which charges him with conspiracy to distribute heroin and marijuana (R. 105, PageID.368), and contrasts that with the jury verdict form, which mentions a conspiracy to distribute only heroin. (R. 177.) Because count one charged Wren with conspiring to distribute marijuana and heroin, Wren says the jury had to find him guilty of both, but the jury only found him guilty of distributing heroin. (*Id.*) So Wren thinks his conviction is a clear error of law.

For Wren's clear error argument to carry the day, he has to persuade the Court that the judgment against him was "'dead wrong.'" *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 809 (N.D. Ohio 2010) (quoting *H & A Land Corp. v. City of Kennedale*, No. 02-458, 2005 U.S. Dist. LEXIS 25797, at *5 (N.D. Tex. Oct. 24, 2005)); *see also Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (finding clear error where district court violated Federal Rule of Civil Procedure 41(b)'s plain language); *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir.

2000) (clear error means "wholesale disregard, misapplication, or failure to recognize controlling precedent on the part of the court").

But Wren has not shown that the judgment is dead wrong. For starters, Wren's interpretation of the indictment and jury verdict form is excessively formal. Count one charged Wren with conspiracy to distribute marijuana and heroin, in violation of §§ 846 and 841(a). The elements of an §§ 846 and 841(a) offense are "(1) an agreement to violate drug laws, (2) knowledge and intent to join the conspiracy, and (3) participation in the conspiracy." *United States v. Toland*, 717 F. App'x 560, 564 (6th Cir. 2017) (citing *United States v. Wettstain*, 618 F.3d 577, 584 (6th Cir. 2010)). In a drug conspiracy case, identity and quantity of the drug are not elements of the offense, unless the government seeks a sentence enhancement based on drug quantity and identity. *See United States v. Villarce*, 323 F.3d 435, 439 & n.1 (6th Cir. 2003); *United States v. Zidell*, 323 F.3d 412, 433–34 (6th Cir. 2003)So the government did not need to establish a conspiracy to distribute marijuana *and* heroin for Wren to be convicted of the crime for which he was indicted. *See Villarce*, 323 F.3d at 439; *United States v. Chilingirian*, 280 F.3d 704, 711–12 (6th Cir. 2002). And the government submitted to the jury identity and quantity—750 grams of heroin—in order to obtain a higher mandatory-minimum sentence. *See* 21 U.S.C. § 841(b)(1)(B); *Alleyne v. United States*, 570 U.S. 99, 113–14 (2013).[1]

In sum, Wren cannot show a clear error of law and his first objection is overruled.

A number of Wren's other objections point to what he calls newly-discovered evidence. Multiple times, Wren's objections cite to the transcript of his codefendant's plea hearing. At the plea hearing, Michael Cathey denied any involvement in a conspiracy to distribute heroin, but

---

[1] Neither Wren's objections nor his motion raise any perceptible challenge to the quantity of drugs attributed to him as part of the conspiracy. *See, e.g.*, *United States v. Young*, 847 F.3d 328, 365–68 (6th Cir. 2017).

admitted his involvement in a conspiracy to distribute marijuana. And the court accepted Cathey's plea to a marijuana-only conspiracy, despite the fact that Cathey signed a plea agreement admitting his involvement in a heroin-distribution conspiracy (R. 152). As Wren's coconspirator denied ever distributing heroin, Wren thinks he could not have been convicted of a conspiracy to distribute heroin. Bolstering his point, Wren says he has newly discovered evidence suggesting that someone forged Cathey's signature on the plea agreement.

Distilled down, Wren says all of this newly discovered evidence proves his conviction is legally inconsistent with Cathey's plea and thus a clear error of law. (R. 471, PageID.5647–5648.) Yet Wren has presented a version of this argument before. (*See, e.g.*, R. 389, PageID.5087.) And it has been rejected before. (R. 442, PageID.5324.) Wren's motion and objections just repackage the argument yet again, and do not explain how the prior rejection got it "dead wrong." (R. 471, PageID.5643, 5648.) As a Rule 59(e) motion is not a vehicle to relitigate "old issues" or "re-argue a case," *J.B.F. v. Ky. Dep't of Educ.*, 690 F. App'x 906, 907 (6th Cir 2017) (internal quotations omitted), Wren's second, third, and fourth objections are overruled.

Wren also thinks the sentencing transcript reveals newly-discovered evidence for another reason. Wren says a DEA agent testified at sentencing about a 2009 wiretap on Wren's phone. Wren says the agent's testimony at the sentencing conflicted with the agent's testimony at Wren's trial. And Wren thinks the inconsistency undercuts his involvement in a heroin-distribution ring.

Newly discovered evidence means evidence "not previously available" to Wren. *Lonardo*, 706 F. Supp. 2d at 809. As Cathey's sentencing hearing took place in 2012 (R. 340), anything the agent said during that hearing was available to Wren when he filed his motion to vacate in 2014 (R. 389). So the sentencing transcript is not newly discovered evidence. *See Gritton v. Disponett*, 332 F. App'x 232, 239 (6th Cir. 2009) (holding that witness statements discovered post-judgment

4

could have been discovered pre-judgment and thus were previously available). Wren's sixth and eighth objections are overruled.

Some of Wren's objections are nonresponsive to the magistrate judge's report. At one point Wren objects that the trial court blocked his trial lawyer from admitting bank statements to explain the source of moneys the government said flowed from drug transactions. (R. 471, PageID.5652.) At other points, Wren takes issue with the Sixth Circuit's analysis of his sufficiency claim. (*Id.* at 5648–59.) And finally, Wren thinks the magistrate judge is his opponent and so says the magistrate judge has a conflict of interest. (*Id.* at 5654.) As these objections—five, seven, and nine—do not point to an error in the report itself, they are overruled.

Lastly, some of Wren's objections blame his conviction on a conspiracy. (R. 471, PageID.5654.) Wren thinks his trial judge and Cathey's lawyer sided with the government at Cathey's plea hearing. (PageID.5656.) They did so, says Wren, to convict Cathey so they could ultimately convict Wren. (R. 471, PageID.5656–57.) As evidence of the conspiracy, Wren points to an investment fund on the trial judge's 2012 financial disclosure form. (*Id.*) Wren thinks the Assistant U.S. Attorney and Cathey's lawyer also invest in the same fund. (*Id.*) Investment funds and whether they prove anything aside, Cathey's plea hearing (R. 340) occurred nearly a year *after* a jury convicted Wren (R. 177). So any conspiracy hatched at Cathey's sentencing hearing could not have had anything to do with Wren's conviction. Nor does Wren explain the conspiracy's implications for the denial of his motion to vacate or the magistrate judge's report. So Cathey's tenth and eleventh objections are overruled.

* * *

At bottom, none of Wren's objections point to any errors in the magistrate judge's report. And the report correctly explains that Judge Rosen rightly denied Wren's motion to vacate. So the

5

Court accepts the magistrate judge's recommendation, overrules Wren's objections, and DENIES Wren's motion to alter or amend the judgment. (R. 446.)

s/Laurie J. Michelson<br>LAURIE J. MICHELSON<br>U.S. DISTRICT JUDGE

Dated: June 22, 2018

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 22, 2018.

s/Keisha Jackson<br>Case Manager