UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 10-20137 |
| | Honorable Laurie J. Michelson |
| v. | Magistrate Judge R. Steven Whalen |
| DAJUAN LAMARR WREN, D-2, | |
| Defendant. | |

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO RECONSIDER MOTION TO REDUCE SENTENCE [513]**

Following a two-week trial in 2011, a jury convicted Dajuan Lamarr Wren of conspiracy to possess with intent to distribute heroin, 21 U.S.C. §§ 841, 846, and being a felon in possession of a firearm, 18 U.S.C. § 922(g). (R. 178.) The underlying offense involved Wren supplying large amounts of heroin as part of a drug conspiracy. For sentencing guideline purposes, he was held accountable for distributing 1,205 grams of heroin. An enhancement was also included because when police conducted a search at Wren's home, they found a loaded Glock 9mm handgun.

Thus, at sentencing, former Chief Judge Gerald E. Rosen calculated Wren's base offense level as 34 and his criminal history category as III. (ECF No. 347, PageID.4798.) This resulted in an advisory guidelines imprisonment range of 188 to 235 months. Judge Rosen imposed a sentence of 216-months on the conspiracy count (the 60th percentile of his range) and 120-months on the firearm count, to run concurrently. (ECF no. 323.) The Sixth Circuit affirmed Wren's conviction and sentence on direct appeal. *See United States v. Wren*, 528 F. App'x 500 (6th Cir. 2013).

Then in November 2014, the Sentencing Commission amended the guidelines, reducing the base offense level for certain drug offenses by two levels. So Wren's total base offense level

was lowered to 32. USSG § 2D1.1(c)(4). This resulted in an amended sentencing guidelines range of 151 to 188 months of imprisonment. Pursuant to 18 U.S.C. § 3582(c)(2), Judge Rosen sua sponte reduced Wren's sentence to 188 months. (ECF No. 427.) While the order indicated that the court had taken into account the applicable policy statement in USSG § 1B1.10 and the sentencing factors in 18 U.S.C. § 3553(a), it did not provide any specific reasons for selecting a sentence at the top of the amended guidelines range.

Wren appealed, seeking a lower sentence. (ECF No. 428.) He believed the amended sentence, like the original, should be within the 60th percentile of the guidelines range, or 173 months. (*United States v. Wren*, ECF No. 437 (6th Cir. Aug 5, 2016)). Relying on *United States v. Howard*, 644 F.3d 455, 460 (6th Cir. 2011), where the district court had likewise failed to provide a sufficient explanation supporting its reduced sentence, the Sixth Circuit vacated this court's order granting Wren a reduction of sentence and remanded for further proceedings. (*Id.*)

Unfortunately, no further action was taken prior to Judge Rosen's retirement. Then, after the case was reassigned to the undersigned, the focus was on Wren's motion to vacate the sentence under 18 U.S.C. § 2255. But on May 2, 2019, Wren filed a motion for reconsideration pointing out that no action had been taken on the Sixth Circuit's remand order. (ECF No. 513.) The Court asked the government for a response. (ECF No. 515.) The government agrees that the court should issue an amended judgment with a statement of reasons for the prior imposition of the 188-month sentence. (ECF No. 516.)

The decision whether to reduce a sentence because of Amendment 782 rests in the discretion of the district court. *United States v. Blewett*, 746 F.3d 647, 659 (6th Cir. 2013) ("[T]he reality [is] that § 3582(c)(2) grants the district court discretion to reduce sentences; it does not impose a mandate on them.") (en banc). As the government points out, the court is not obligated

to reduce a sentence under § 3582(c). *See United States v. Howard*, 644 F.3d 455, 457 (6th Cir. 2011); *United States v. Nolley*, 427 F. App'x 295, 296 (5th Cir. 2011) ("The district court has no obligation to reduce a sentence under § 3582(c)(2)."). And thus, in granting a reduction, proportionality is not required.

Here, the former presiding judge believed that a reduction was warranted. And considering USSG § 1B1.10 and the § 3553(a) sentencing factors, this court agrees that a reduced sentence of 188-months is appropriate. Drugs and guns together present a serious and dangerous offense. Wren supplied significant quantities of heroin to co-conspirators and, despite having a prior felony conviction and being aware that he could not possess a firearm, had a loaded Glock 9mm handgun in his home. Before imposing sentence, Judge Rosen explained that "the government proved its case beyond a reasonable doubt, it proved its case of conspiracy to traffic in heroin and it proved its case of Mr. Wren being a felon in possession of a firearm and ammunition. That only leaves it to the Court to determine what an appropriate sentence is for this . . . very troubled and misguided young man, who at one point in his life appeared to have some potential as an entrepreneur in his chosen field; but, unfortunately he – somewhere along the way, he went off on a misguided track." (ECF No. 347, PageID.4816-4817.)

Wren did not accept responsibility and, at sentencing, expressed no remorse or any coherent explanation for his conduct. His criminal activity as a juvenile and adult demonstrated problems with deterrence and showing respect for the law. The seriousness of the drug and gun offenses and the danger they posed to the community warranted a guidelines sentence. And from the 216-month within guidelines range sentence that was initially imposed, it is clear Judge Rosen believed that 188 months did not sufficiently achieve the purposes of the § 3553(a) factors. But when Wren became entitled to a reduction in his base offense level, the court was then willing to

go down to 188 months. And while this was the top of the amended guidelines range and not the 60th percentile, it still represents a significant reduction in Wren's original sentence. In other words, had Wren's original guidelines range been only 151-188 months, the court is confident that the sentencing judge would have gone to the top of the range and not the 60th percentile. More importantly, 188-months is sufficient but not greater than necessary given the amount of heroin being supplied, the unlawful possession of the gun, the need to deter and punish this type of dangerous drug trafficking, and having little sense or comfort that the Defendant is willing to change his behavior in the future. While at the time of the reduction, Wren had taken some educational courses in prison and maintained employment, he had also incurred four misconduct reports.

Thus, having considered Wren's motion for reconsideration, the Sixth Circuit's remand order, USSG § 1B1.10, and the factors set forth in 18 U.S.C. § 3553(a), IT IS HEREBY ORDERED that defendant's previously imposed sentence of 216-months imprisonment is reduced to 188-months imprisonment.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: July 8, 2019

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, July 8, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager