**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: February 27, 2020

Mr. Dajuan Lamarr Wren
F.C.I. Elkton
P.O. Box 10
Lisbon, OH 44432

Ms. Amanda Jawad
United States Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, MI 48226

Re: Case No. 19-1803, *USA v. Dajuan Wren*
Originating Case No. : 2:10-cr-20137-2 : 2:14-cv-12342

Dear Mr. Wren and Counsel:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Robin L. Johnson
Case Manager
Direct Dial No. 513-564-7039

cc: Mr. David J. Weaver

Enclosure

No mandate to issue

Case: 19-1803 Document: 14-2 Filed: 02/27/2020 Page: 1

No. 19-1803

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 27, 2020
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DAJUAN LAMARR WREN, aka Nerau Neri Aasekhemu, aka Dajuan Johnson, aka Stephon Greer,

Defendant-Appellant.

O R D E R

Before: NORRIS, SUTTON, and BUSH, Circuit Judges.

In 2011, a jury convicted Wren of conspiracy to possess with intent to distribute 750 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He was sentenced to 216 months in prison on the heroin conspiracy conviction, to be served concurrently with a 120-month sentence on the felon-in-possession conviction. We affirmed. *United States v. Wren*, 528 F. App'x 500 (6th Cir. 2013).

After amendment of the Sentencing Guidelines to reduce the base offense level for certain drug offenses, the district court reduced Wren's sentence, sua sponte, to the top of the amended range. Wren appealed, seeking an even lower sentence. On appeal, we remanded the case for the district court to explain the reasons supporting its reduced sentence. *United States v. Wren*, No. 16-1178 (6th Cir. Aug. 5, 2016) (order). Nearly three years passed with no action in the district court, until May 2, 2019, when Wren filed a motion for reconsideration pointing out that no action had been taken on this court's remand order. On July 8, 2019, the district court entered an order that set forth the reasoning behind its reduction of Wren's sentence to 188 months. The district court stated that its decision was based on Wren's failure to accept responsibility, his lack of

remorse, his criminal activity as a juvenile and adult, and the seriousness of the drug and gun offenses. This appeal followed. The government moves to dismiss the appeal for lack of jurisdiction.

Wren argues that his reduced sentence should have been proportionate to his original sentence and thus should have been 173 months, just above the mid-point of the new guideline range. The government argues that we lack jurisdiction to consider Wren's argument because he is simply challenging the reasonableness of his amended sentence. Our jurisdiction to consider the appeal of a sentence reduction under § 3582(c)(2) comes from 18 U.S.C. § 3742, which authorizes our review "only where the resulting sentence '(1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; (3) is greater than the sentence specified in the applicable guideline range; or (4) was imposed for an offense for which there is no guideline and is plainly unreasonable.'" *United States v. Bowers*, 615 F.3d 715, 723 (6th Cir. 2010) (quoting *United States v. Moran*, 325 F.3d 790, 792 (6th Cir. 2003)). We lack jurisdiction over appellate arguments challenging the procedural or substantive reasonableness of decisions made in a § 3582(c)(2) sentence-reduction proceeding. *See United States v. Johnson*, 442 F. App'x 224, 226 (6th Cir. 2011); *Bowers*, 615 F.3d at 727-28. Wren's argument that the amended sentence, like the original, should be within the 60th percentile of the guidelines range, or 173 months, is a challenge to the procedural or substantive reasonableness of his sentence.

It is therefore **ORDERED** that the government's motion to dismiss is **GRANTED**. The appeal is **DISMISSED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk