UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DAJUAN LAMARR WREN,<br><br>    Defendant. | Case No. 10-cr-20137<br>Honorable Laurie J. Michelson |

**ORDER GRANTING DEFENDANT'S MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE [551]**

This matter is back before the Court on Defendant Da'Juan Wren's motion for early termination of his supervised release. The government defers to the Court's discretion, and Wren's supervising probation officer has no objection to the request. The motion is GRANTED.

I.

Wren was indicted for his role in Michael Cathey's drug organization after a wiretap implicated Wren and a search warrant led to seizure of drug paraphernalia and ledgers, ammunition, and a firearm from Wren's home and automobile. (ECF No. 539, PageID.6530.) Wren was charged with conspiracy to possess with intent to distribute and to distribute heroin and marijuana; he was also charged with being a felon in possession of a firearm and ammunition. (ECF No. 3.) Wren was ultimately convicted on both counts by a jury. (ECF No. 178.) Wren was originally sentenced to

216 months (ECF No. 323, PageID.3403), but his sentence was later lowered to 188 months following an amendment to the sentencing guidelines (ECF No. 519).

Wren had served approximately 70 percent of his sentence when the coronavirus pandemic took hold. At that time. Wren was incarcerated at FCI Elkton, which experienced one of the worst COVID-19 outbreaks in the Bureau of Prisons system. Wren suffers from obesity, hypertension, and prediabetes. The Court granted Wren's motion for compassionate release on August 28, 2020 and ordered him to begin serving his four-year term of supervised release. (ECF No. 549.)

Having completed about 19 months, Wren now moves for early termination of supervised release. (ECF No. 551.) The government does not object but suggested that Wren provide documentation of legitimate income before the Court rules on the motion. (ECF No. 555, PageID.7047–48.) The probation department also does not oppose the request.

## II.

After a defendant has served at least one year, the court may terminate a term of supervised release if the court is satisfied that termination is "warranted by the conduct of the defendant" and the "interest of justice." 18 U.S.C. § 3583(e)(1); *see also United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003). In making this determination, the statute directs the court to consider many of the same § 3553(a) factors that were previously considered in imposing the initial sentence, including the nature and circumstances of the offense, the defendant's history and characteristics, deterrence, protection of the public, and the need to provide the

defendant with training, medical care, or other treatment. *Id.* "Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997)). Yet "'[s]imple compliance with the conditions of supervised release [is] expected and not exceptional . . . .'" *United States v. Guest*, No. 13-20624, 2020 U.S. Dist. LEXIS 147710, at *1–3 (E.D. Mich. Aug. 17, 2020) (quoting *United States v. Laine*, 404 F. App'x 571, 574 (3d Cir. 2010)).

### III.

In support of his request, Wren advises that he has been in full compliance with his release conditions and, more importantly, is "excelling in life." (ECF No. 551, PageID.7017.) Wren is a successful musician. He has a studio and internet radio station and is working with other companies across the country to develop new talent. (*Id.* at PageID.7018–19.) He has also been doing community work, including mentoring and financially supporting young musicians and other causes. (*Id.* at PageID.7019.) Wren has the support of his family and his bishop writes that he "has positively adjusted to society." (ECF No. 551, PageID.7020.)

On March 28, 2022, the Court entered a text order directing Wren "to provide his probation officer with documentation of his income or a written explanation as to why such documentation has not been provided and cannot be provided." Wren filed a notice of compliance indicating that he provided the government and probation with a letter and attachments. (ECF No. 556.) Wren's supervising probation officer advised

3

the Court that he received employment documentation from Wren and has no further concerns about an early termination of supervised release.

IV.

Thus, the Court finds that the relevant sentencing factors support the termination of supervised release at this time. Accordingly, Wren's motion to terminate supervised release early is GRANTED.

SO ORDERED.

Dated: April 21, 2022

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE